**Jay E. POTTER, Appellant,**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY,**
**Appellee.**

**No. 89–1995.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1990.

Decided April 25, 1990.

Kenneth H. Castleberry, Eureka Springs, Ark., for appellant.

Constance G. Clark, Fayetteville, Ark., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

PER CURIAM.

Jay E. Potter appeals from the order of the district court[1] denying him benefits under a disability policy of insurance issued by Connecticut General Life Insurance Company (Connecticut). We affirm.

Potter obtained disability insurance from Connecticut through his employer, Wal–Mart Stores, Inc., at the time he was employed in Wal–Mart's architectural division in 1980 and 1981. He became disabled in January 1981 and received monthly disability payments of $1,300 from Connecticut for two years. Connecticut ceased payments

---

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the West-    ern District of Arkansas.

at the end of the two-year period on the ground that the policy limited coverage to two years if the debilitating condition was caused by "mental illness or functional nervous disorder."

In May 1984, Potter filed a suit against Connecticut, alleging total disability caused by angina. A jury returned a verdict in favor of Potter and awarded him $39,000 in accrued payments, plus interest, a penalty, and attorney's fees. Connecticut thereafter made monthly disability payments to Potter until June 1987, when it terminated payments on the ground that Potter was no longer disabled within the meaning of the policy, which requires an insured to be "so disabled that he is completely prevented from engaging in any occupation or employment for which he is qualified, or may reasonably become qualified, based on his training, education or experience[.]"

In October 1987, Potter again filed suit against Connecticut, seeking judgment for the present value of the policy. Connecticut removed the case to federal court.

Prior to trial, an order was entered staying the proceedings for an administrative review under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq., of Connecticut's decision to terminate disability benefits. Connecticut's claim administrator found that Potter was not totally disabled under the terms of the policy. After reviewing the evidence *de novo, Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989), the district court agreed, finding that the objective medical evidence documenting Potter's physical condition did not support finding that he was totally disabled.

Potter contends that the district court erred because it did not properly consider evidence relating to Potter's ability to obtain a job for which he might be qualified in light of his physical condition. He asserts that failure to consider the vocational issue is grounds for reversal, citing *Heckler v. Campbell,* 461 U.S. 458, 460–61, 103 S.Ct. 1952, 1953–54, 76 L.Ed.2d 66 (1983); and *Jenkinson v. Chevron Corp.,* 634 F.Supp. 375 (N.D.Cal.1986).

We conclude that the district court did not err in affirming the denial of benefits. Potter received a full and fair review of his claim and was notified in writing of the denial of benefits, as required by 29 U.S.C. § 1133. The administrator reviewed Potter's file, including reports from eleven physicians over an eight-year period that did not support Potter's claim. The district court found that a videotape showing Potter engaging in daily activities contradicted his testimony of pain and supported a finding that he is not disabled. We agree with the district court that the objective medical evidence, together with the undisputed evidence that Potter takes an active part in assisting his wife in the operation of her entertainment business, the "Ozark Mountain Hoe Down," including driving a bus when the performers go on tour over a multi-state area, and the evidence that on two occasions Potter has been denied social security disability benefits, belies his claim that he is totally disabled. In the light of this evidence, there was no need for the introduction of any testimony by a vocational expert as to the type of work Potter might be able to perform, as there might have been had the evidence been less conclusive. *Cf. Gunderson v. W.R. Grace Long Term Dis. Income Plan,* 874 F.2d 496, 499 (8th Cir.1989).

The district court's order is affirmed.